UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AMANDA BAILEY,

    Plaintiff,

v.

AAA REMEDIATION, INC.,

    Defendant.

Case No. 3:19-cv-01096

Judge William L. Campbell, Jr.
Magistrate Judge Alistair E. Newbern

To:    The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

On July 6, 2020, Defendant AAA Remediation, Inc., filed a motion to dismiss this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute or, in the alternative, to compel pro se Plaintiff Amanda Bailey to respond to its discovery requests. (Doc. No. 22.) Bailey did not respond to the motion and, on August 12, 2020, AAA Remediation filed a renewed motion to dismiss for failure to prosecute. (Doc. No. 25.) Bailey again failed to respond and, on October 22, 2020, the Court ordered Bailey to show cause by November 5, 2020, why AAA Remediation's motions should not be granted. (Doc. No. 29.) The Court's order, which was mailed to Bailey's address of record, was returned as undeliverable (Doc. No. 30). For the reasons that follow, the Magistrate Judge will recommend that AAA Remediation's motions to dismiss be granted and that this action be dismissed without prejudice under Rule 41(b).

### I.    Factual and Procedural Background

Bailey filed this action on December 9, 2019, alleging that AAA Remediation, her former employer, discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and failed to pay overtime in violation of the Fair Labor Standards Act of

1938, 29 U.S.C. §§ 201 *et seq.* (Doc. No. 1.) Although Bailey was represented by counsel when the case was filed, her counsel filed a motion to withdraw from representation on June 3, 2020, explaining that Bailey had not responded to their repeated attempts to contact her. (Doc. No. 20.) The Court granted counsel's motion to withdraw on June 4, 2020, and gave Bailey thirty days to obtain new counsel or to notify the Court of her intent to proceed pro se. (Doc. No. 21.) Although the docket reflects that Bailey contacted the Court on June 11, 2020, to provide her mailing address and to request that the Clerk's Office mail her the documents filed in this action, she did not file notice of her intent to proceed pro se in compliance with the Court's order, and no counsel entered an appearance on her behalf. The Court therefore concluded on July 7, 2020, that Bailey intended to proceed pro se in this action. (Doc. No. 24.)

On July 6, 2020, AAA Remediation filed a motion to dismiss for failure to prosecute under Rule 41(b) or, in the alternative, to compel Bailey to respond to AAA Remediation's discovery requests. (Doc. No. 22.) AAA Remediation explained that Bailey had not responded to requests for discovery that were issued on March 17, 2020, even after AAA Remediation held a telephone conference with Bailey's former counsel, granted Bailey multiple extensions of time to respond, and scheduled a discovery conference before the Magistrate Judge at which Bailey did not appear. (Doc. No. 23.)

Bailey did not respond to AAA Remediation's motion to dismiss and, on August 12, 2020, AAA Remediation filed a renewed motion to dismiss for failure to prosecute (Doc. No. 25), explaining that Bailey had informed AAA Remediation's counsel during a July 6, 2020, telephone call "that she wanted to drop her case and she was taking no further action" (Doc. No. 26, PageID# 134). AAA Remediation filed an affidavit to support that assertion (Doc. No. 27). The Court ordered Bailey to file a response within fourteen days of being served with the motion. (Doc.

2

No. 28). Bailey did not do so and, on October 22, 2020, the Court ordered Bailey to file a consolidated response in opposition to AAA Remediation's pending motions to dismiss and to show cause why her claims against AAA Remediation should not be dismissed for failure to prosecute those claims by November 5, 2020. (Doc. No. 29.) The Court warned Bailey that failure to respond to the order could result in a recommendation that her claims be dismissed. (*Id.*) The Court's order, which was mailed to Bailey's address of record, was returned as undeliverable (Doc. No. 30). Bailey has not contacted the Court to update her mailing address or taken any other action in this case since June 11, 2020. The Court must therefore determine whether dismissal of this action is appropriate under Rule 41(b).

**II.      Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the

defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

This Court's Local Rules provide that a pro se party "must keep the Court and opposing parties apprised of the *pro se* party's current address and other contact information," and explain that a pro se party's failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." M.D. Tenn. R. 41.01(b) (dismissal for failure of *pro se* plaintiff to keep court apprised of current address). The Local Rules further provide that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to

refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01(a) (dismissal for unreasonable delay). Where, as here, noncompliance with local rules is a ground for dismissal, "the behavior of the noncomplying party [must] rise[] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).]

### III. Analysis

Dismissal of this action is appropriate under Rule 41(b). The four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Bailey.

#### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). There is no indication that bad faith was the motivation for Bailey's failure to respond to AAA Remediation's motions to dismiss; to communicate with the Court, her counsel, or opposing counsel; or to respond to the Court's order to show cause. However, because the Court repeatedly warned Bailey that failure to respond to AAA Remediation's renewed motion to dismiss could result in dismissal (Doc. Nos. 28, 29), these failures are indicative of willfulness or fault for purposes of Rule 41(b) and therefore "tip[ ] the scale in favor of dismissal on the first factor." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or a response to the Court's Order to Show Cause").

Although the Court's order to show cause was returned as undeliverable, it is Bailey's responsibility to keep the Court apprised of her current mailing address. *See* M.D. Tenn. R. 41.01(b); *see also Bryant v. Warden, Franklin Cnty. Corr. Ctr.*, No. 2:17-cv-00335, 2017 WL 6520874, at *2 (S.D. Ohio Dec. 4, 2017) (finding that pro se plaintiff's "failure to update his address constitute[d] willfulness, bad faith, or fault, because it demonstrate[d] reckless disregard for how his actions, or inactions, impact his case"), *report and recommendation adopted by* 2017 WL 6508595 (S.D. Ohio Dec. 20, 2017). Therefore, this factor weighs in favor of dismissal.

### B.  Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and

responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F.3d at 740.

Bailey's lack of cooperation in the discovery process has been prejudicial to AAA Remediation. Over the course of several months, AAA Remediation attempted to obtain Bailey's discovery responses through repeated and ongoing communication with Bailey's former counsel, which was ultimately unsuccessful due to Bailey's failure to communicate with her counsel. (Doc. Nos. 23, 23-2.) As a result of Bailey's failure to respond to its discovery requests, AAA Remediation was "required to waste time, money, and effort in pursuit of cooperation" that Bailey "was legally obligated to provide." *Harmon*, 110 F.3d at 368. Therefore, this factor weighs in favor of dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court expressly warned Bailey that failure to respond to AAA Remediation's motions to dismiss could result in dismissal (Doc. Nos. 28, 29), so this factor also weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 59091. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110

F.3d at 367)). Further, Bailey's failure to keep the Court apprised of her current address makes dismissal particularly appropriate in this case. *See Sullivan v. Waffle House*, No. 1:06-cv-63, 2006 WL 3007360, at *2 (E.D. Tenn. Oct. 19, 2006) (dismissing action without prejudice even though the Court's warnings did not reach the plaintiff due to his failure to update his address because "even if the Court were to implement sanctions less drastic than dismissal, the case would remain stalled due to the Court's inability to communicate with Plaintiff").

IV.     Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that AAA Remediation's motions to dismiss (Doc. Nos. 22, 25) be GRANTED and this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) for Bailey's failure to prosecute.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 9th day of February, 2021.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge